UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| TACTICAL INFRASTRUCTURE S.A., | No. 1:24-cv-02307 (JGK) (OTW) |
| Plaintiff, | ***STIPULATION AND*** ~~***PROPOSED***~~ ***PROTECTIVE ORDER*** |
| -against- | |
| APEX ENERGY ALTERNATIVE RESOURCES, INC. and ROBERT S. WILLOUGHBY, | |
| Defendants. | |

-------------------------------------------------------------------

**WHEREAS**, the parties in the above-captioned action having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

**ORDERED** that, the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party or non-party (the "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL".  A non-party may designate documents or information as confidential either by stamping such document containing the alleged confidential information ("Confidential Information") as "CONFIDENTIAL" or, alternatively, by stating in the cover letter or cover e-mail, as the case may be, that some or all of such documents being produced are being designated as "confidential" and specifying which documents are being designated as "confidential".  A party receiving documents or information from another party or non-party may designate same as "confidential" by stamping such documents as "CONFIDENTIAL" and producing such so-designated documents to the counsel for the other parties in this action.  Documents produced by non-parties shall be automatically treated as "confidential" for ten (10) days following receipt of such documents by the last party to receive same.

2. All deposition testimony shall presumptively be treated as Confidential Information and subject to this Stipulation and Order for a period of fifteen (15) days after a transcript of the deposition has been completed and access to same made available to the parties in this action by the court reporting service.

3. Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. the requesting party and counsel, including in-house counsel;
    b. employees of such counsel and others (including, by mere example and without limitation, outside copy vendors and litigation support personnel) assigned by counsel to assist in the litigation;
    c. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;
    d. consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    e. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Before disclosing or displaying the Confidential Information to any person, counsel must:

    a. inform the person of the confidential nature of the information or documents;
    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (*e.g.,* social security numbers, financial account numbers, passwords, and information that may be used for

    identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

9. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

10. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. Notwithstanding the foregoing, in the event any party desires to file documents or information designated as confidential on the Court's docket, such party shall advise the Producing Party at least 10 days in advance of such anticipated filing so that the Producing Party may, if it so chooses, proceed to file an application to seal such documents.  Alternatively, the filing party may, on its own accord, file a motion to seal the documents it anticipates filing so as to obtain a provisional sealing of same and, thereafter, the Producing Party shall respond to such motion within 14 days or such other time period as the Court may designate.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the counsel shall be permitted to retain their working files.

*SO STIPULATED AND AGREED:*

Dated: May 20, 2025

| COHEN TAUBER SPIEVACK & WAGNER P.C. | THE LAW OFFICES OF DANIEL A, SINGER PLLC |
|---|---|
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| By: /s/ Kenneth J. Rubinstein | By: /s/ Daniel A. Singer |
| Kenneth J. Rubinstein | Daniel A. Singer |
| 420 Lexington Avenue, Suite 2400 | 630 3rd Avenue, 18th Floor |
| New York, New York 10170 | New York, New York 10017 |
| Tel.: (212) 586-5800 | Tel: (212) 569-7853 |
| krubinstein@ctswlaw.com | info@dasingerlaw.com |

*SO ORDERED:*

_____
**Ona T. Wang**
United States Magistrate Judge

Dated: May 21, 2025

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter captioned _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

Signed in the presence of:

_____