**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
TACTICAL INFRASTRUCTURE S.A.

                      Plaintiff,         24-cv-2307 (JGK) (OTW)

     -against-         **OPINION AND ORDER**

APEX ENERGY ALTERNATIVE RESOURCES, INC.,
et al.

                    Defendants.
----------------------------------------------------------x

    **ONA T. WANG, United States Magistrate Judge:**

**I.    INTRODUCTION**

    This case involves an investment deal gone wrong. Defendants brought the instant motion to compel Plaintiff to produce a privilege log, (ECF 123), after Tactical Infrastructure S.A. ("Tactical") and Tactical's principal, Counterclaim/Third-Party Defendant Uri Ansbacher[1] ("Ansbacher") refused to produce, *inter alia*, communications and various other agreements and documents shared between and among Tactical, Ansbacher, and/or their attorneys, including non-party Akiva Rosner ("Rosner"). The discovery in question appears to have been some mixture of legal and non-legal "business" advice related to the deal. (*See* ECF 123). Plaintiff's counsel has refused to produce any documents held by Tactical, Ansbacher or Rosner,

---

[1] Cohen Tauber Spievack & Wagner P.C., represents Plaintiff Tactical, Ansbacher and Rosner in this litigation. Ansbacher is the "authorized representative" of Tactical. (ECF 88-1) (Declaration of Kenneth J. Rubinstein in support of Ansbacher's motion to dismiss Defendants' counterclaims). Rosner is a non-party who is represented to be Ansbacher's "local transactional counsel." (ECF 88-5) (Letter from Herrick Feinstein LLP on behalf of Plaintiff/Ansbacher to Defendants regarding investigation into investment deal, dated June 29, 2023, attached to ECF 88, the declaration of Kenneth J. Rubinstein in support of Ansbacher's motion to dismiss Defendants' counterclaims).

claiming they are privileged; counsel has also refused to produce a privilege log of the documents its clients are withholding. For the reasons that follow, Defendants' motion to compel Plaintiff to produce a privilege log is **GRANTED**.

II.  **FACTUAL HISTORY**

The underlying action arose after Ansbacher allegedly invested $500,000 through Tactical in Defendant Apex Energy Alternative Resources, Inc. ("Apex") with respect to certain commodity deals brokered by Defendant Robert Willoughby (Willoughby) related to the storage of diesel fuel. (ECF 32) (Amended Complaint); (ECF 56) (Ansbacher's Amended Answer to Counterclaim). Akiva Rosner ("Rosner"), an Israeli attorney, was also involved in the deal; the extent to which he was involved as a "business advisor" rather than an attorney is disputed by the parties. (ECF 32; ECF 56).[2] When this investment went poorly, Plaintiff retained lawyers at Herrick Feinstein LLP to conduct an investigation of Apex and Willoughby. Defendants further allege that Rosner also communicated with Tactical, Ansbacher, and Herrick Feinstein LLP as an attorney and/or "business advisor." (ECF 123 at 3) (Plaintiff's Response to Defendant's Request for Production). Ultimately, Tactical brought an action for breach of contract against Apex related to a promissory note, and an action for fraud against Willoughby. (ECF 32). In turn, Defendants brought a counterclaim against Ansbacher for tortious interference and libel arising out of Herrick Feinstein LLP's investigation. (ECF 56).

---

[2] On November 2, 2025, Defendants submitted a sur-reply on this issue (ECF 136), without leave of the Court, in which they argued that documents from or between Ansbacher and Rosner were not privileged. The motion currently before the Court is to compel production of a privilege log so that the basis for withholding the subject documents can be challenged – after production of the log.

Defendants served Plaintiff's counsel with a request for production of documents that sought communications with/from Rosner, Herrick Feinstein LLP, and Cohen Tauber Spievack & Wagner P.C. ("CTSW"); retainer and other related agreements by and between Rosner, Herrick Feinstein LLP, CTSW, Tactical, and/or Ansbacher; documents pertaining to the investigation carried out at Plaintiff's direction by Herrick Feinstein LLP; and documents pertaining to Ansbacher's relationship with Tactical, all[3] of which Plaintiff has withheld as privileged and for which Plaintiff also refuses to produce a privilege log. (*See* ECF 123-3).

### III.     DISCUSSION

Generally, parties may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). However, communications that are protected by the attorney-client privilege, are shielded from discovery. *Hayden v. Int'l Bus. Machs. Corp.*, No. 21-CV-2485 (VB) (JCM), 2023 WL 4622914, at *3 (S.D.N.Y. July 14, 2023). "Attorney-client privilege protects 'communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice.'" *Id*. (quoting *U.S. v. Mejia*, 655 F.3d 126, 132 [2d Cir. 2011]). Attorney-client privilege only applies where the communication in question is "primarily or predominantly of legal character." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013). "Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); *see also Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011)

---

[3] Herrick Feinstein LLP responded to Defendants' subpoena that it had documents responsive to the subpoena, but it had turned them over to CTSW. (ECF 123 at 3 n.4).

("Communications that principally involve the performance of non-legal functions by an attorney are not protected… [m]oreover, even if a business decision can be viewed as both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved." [internal quotations omitted]).

Nevertheless, "[t]he attorney-client privilege cannot at once be used as a shield and a sword." *Cuomo v. Off. of New York State Att'y Gen.*, 754 F. Supp. 3d 334, 365 (E.D.N.Y. 2024) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 [2d Cir. 1991]). A party may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. *See In Re von Bulow,* 828 F.2d 94, 101–02 (2d Cir. 1987) ("The privilege takes flight if the relation is abused").

Plaintiff admits that it refused to produce any responsive documents, claiming they are privileged, and also admits that it failed to produce a privilege log. Plaintiff's position appears to be that any communication with an attorney is inherently privileged and does not require even a privilege log. (ECF 128 at 1) (Plaintiff's Opposition to Defendants' Motion to Compel). This is incorrect.

It is axiomatic that a party withholding discovery based on privilege must produce a privilege log along with that refusal. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) ("the Local Civil Rules provide that a party claiming a privilege must provide the foregoing information in writing and within the time the response to the discovery request is due, unless the court orders otherwise"); *see also Strougo v. BEA Assocs.,* 199 F.R.D. 515, 521 (S.D.N.Y. 2001) ("[a] privilege log must be received either within thirty days of a request for documents or by a date that is agreed upon by the parties or set by the court").

"Although the privilege was designed to promote full and frank communications between a client and counsel, and thereby 'promote broader public interests in the observance of law and administration of justice,'"a privilege log is required because…the application of the privilege renders protected relevant information undiscoverable." *Kleeberg v. Eber*, No. 16-CV-9517 (LAK) (KHP), 2019 WL 2085412, at *6 (S.D.N.Y. May 13, 2019) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Consequently, the party asserting the privilege bears the burden of establishing each element through competent evidence." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18-CV-4437 (JGK) (BCM), 2020 WL 757840, at *3 (S.D.N.Y. Feb. 14, 2020). Plaintiff puts the cart before the horse here by offering only "to produce an appropriate privilege log once the … [privilege issues] in dispute [are resolved]," (ECF 128 at 2), because to do so would make it impossible for the Court or Defendants to evaluate Plaintiff's claim(s) of privilege. "To facilitate its determination of privilege, a court may require an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps.'" *United States v. Constr. Prods. Rsch., Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (quoting *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 471 [S.D.N.Y.1993]).

"Even where an attorney-client relationship exists, the client may not reflexively withhold every communication with its attorney as privileged." *Charlestown Cap. Advisors,* 2020 WL 757840, at *4. Anytime an attorney has a "mixed business-legal responsibility," such as in a transaction or other investment deal, "which can blur the line between legal and non-legal communications…the court must carefully scrutinize the relevant communications to ensure that they are primarily or predominantly of a legal character."
*Bonde v. Wexler & Kaufman, PLLC*, 345 F.R.D. 31, 40 (S.D.N.Y. 2023) (internal quotations

omitted). "Communications do not become privileged simply because an attorney recommended [a document's] preparation if it contains merely business-related or technical communications between corporate employees…simply copying a lawyer on a communication does not render it privileged." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 23-CV-8292 (SHS) (OTW), 2025 WL 2799890, at *3 (S.D.N.Y. Oct. 1, 2025).

There is simply no way to determine whether a document is subject to attorney-client privilege without a privilege log, which is why it is axiomatic to discovery. For that reason, the Court was clear[4] with Plaintiff that an unjustified refusal to produce a privilege log could result in sanctions. Plaintiff, nevertheless, maintained their position, resulting in this motion to compel, for which Plaintiff has submitted no law to support their position.[5]

## IV. CONCLUSION

Accordingly, Defendants' motion to compel Plaintiff to produce a privilege log is **GRANTED**. Plaintiff's counsel is directed to produce a privilege log for any discovery responses they wish to claim are privileged no later than **November 21, 2025**. Documents which Plaintiff, upon review, concedes are not privileged shall be produced on the same date. Defendants' request for a one-day extension of the deadline to file the instant motion (ECF 122) is **GRANTED** *nunc pro tunc*.

---

[4] This colloquy took place at the September 30, 2025, conference, a transcript for which is not yet available.
[5] Plaintiff's letter brief is indeed brief. (See ECF 128) It ignores the colloquy that took place weeks earlier, in which Plaintiff was cautioned that it could not withhold documents as privileged and at the same time refuse to log any documents. It then proposes to meet-and-confer with Defendants' "new counsel once counsel has appeared," noting that Defendants' motion to withdraw was still pending. (*Id*.) Defendants have counsel in this action and their withdrawal has not been granted.

Defendants may file a motion for fees under Fed. R. Civ. P. 37(a)(5), along with contemporaneous billing records, if desired, no later than **November 21, 2025**. Plaintiff's opposition, if any, will be due **December 9, 2025**. There will be no replies.

Finally, Defendants' counsel filed a motion to withdraw as counsel concurrently with the instant motion to compel. (ECF 119). In light of the foregoing, that motion to withdraw is **DENIED WITHOUT PREJUDICE** pending the resolution of any motion(s) for fees under Rule 37(a)(5).

The Clerk of Court is respectfully directed to close ECF Nos. 119, 120, 122 and 123.

**SO ORDERED.**

Dated: November 12, 2025
New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge