UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TACTICAL INFRASTRUCTURE S.A.

                            Plaintiff,

              -against-

APEX ENERGY ALTERNATIVE RESOURCES, INC.,
et al.

                      Defendants.

------------------------------------------------------------x

24-cv-2307 (JGK) (OTW)

**OPINION & ORDER**

        **ONA T. WANG, United States Magistrate Judge:**

I.      **INTRODUCTION**

        The Court has reviewed ECF 119, counsel for Defendants Daniel Singer's application to withdraw as attorney of record. The Court initially denied this motion until the motion to compel Plaintiff to produce a privilege log and any motions for attorneys' fees related to the motion to compel were decided. (ECF 138). Plaintiff has produced a privilege log, (ECF 143), and Mr. Singer has certified that he will not make any application for attorneys' fees in conjunction with the motion to compel. (ECF 140). Mr. Singer subsequently filed an application to renew his motion to withdraw as counsel and to request an interim stay of the proceedings to allow Defendants to obtain new counsel. (ECF 141). The Court has also reviewed Defendant Robert Willoughby's opposition to his attorney's request to withdraw.[1] (ECF 125).

---

[1] Mr. Willoughby is named as a Defendant in his individual capacity in addition to his corporate entity, Apex Energy Alternative Resources, Inc. Mr. Singer represents both.

As the Court's Order at ECF 138 is satisfied, Mr. Singer' application to renew his motion to withdraw as counsel is **GRANTED**.

In support of his motion, Mr. Singer affirms that he seeks to withdraw based on non-payment of fees "in excess of $20,000." (ECF 119-1 at 2).  Mr. Willoughby opposes his withdrawal by acknowledging the fees owed to his attorney but asking the Court to order an installment payment plan instead of allowing Defendants' counsel to withdraw. (ECF 125).

## II.    DISCUSSION

Local Civil Rule 1.4 provides:

[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

"In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014). "Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Id*. at 445 (collecting cases); *see also Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *1 (S.D.N.Y. June 9, 2022). "District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal." *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (JGK), 2024 WL 1484051, at *1 (S.D.N.Y. Apr. 1, 2024) (quoting *Whiting v. Lacara*, 187 F.3d 317, 320 [2d Cir. 1999]).

Here, Mr. Willoughby does not dispute that he has not paid his attorney, (ECF 125), and trial is not imminent. (*See* Docket); *c.f. Whiting*, 187 F.3d at 321 (noting that a court has "wide latitude to deny a counsel's motion to withdraw ... on the eve of trial"). Mr. Willougby also misstates Local Civil Rule 1.4, it does not require an attorney to accept a payment plan for unpaid attorneys' fees. (*See* ECF 125, Local Civil Rule 1.4).  Additionally, the Court concurs with Mr. Singer that, because he is a solo practitioner, forcing him to continue to represent Defendants when they clearly cannot or will not pay him would be a significant financial burden to him and his practice. *See Spadola v. New York City Transit Auth.*, No. 00-CV-3262 (VM), 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (granting a motion to withdraw as counsel for non-payment for fees where the client owes "$29,309.75 for legal services and appears unable to pay for further services").

On the other hand, the Court cannot dismiss out of hand the prejudice to a corporate defendant, which cannot represent itself *pro se*. It is worth noting that this is Mr. Singer's second application to withdraw for non-payment of fees. The previous application was withdrawn when "Defendant Willoughby represented that funds were available and would be forthcoming with respect to the payment of ongoing legal fees, costs, and disbursements." (ECF 126 at 2). It is perplexing to the Court why Mr. Singer would withdraw his motion before payment was made, and now be surprised that no payment was forthcoming. *See Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2018 WL 4761574, at *9 (S.D.N.Y. Sept. 30, 2018) ("For whatever reason, [the movant] nonetheless chose to take on this representation. It will not be heard to complain now that its fees have not been paid."); *see also In re Meyers*, 120

B.R. 751, 752 (Bankr. S.D.N.Y. 1990) ("[T]he unforeseen developments complained of by counsel should have been little surprise.")

Nevertheless, "In analyzing a purported refusal to pay forthcoming obligations, the Court 'must consider the entire situation.'" *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 391 (Bankr. S.D.N.Y. 2024) (quoting *United States v. Stein*, 488 F. Supp. 2d 370, 374 (S.D.N.Y. 2007). On balance, making and breaking a promise to pay is likely to make Defendants' relationship with his attorney irreconcilable. Accordingly, the Court finds Mr. Singer's motion to withdraw to be for good cause shown and will permit him to withdraw as counsel of record for Defendants.

The Court will still hold a status conference on **December 17 at 11 a.m.** (*See* ECF Nos. 110, 117). While a corporation may not represent itself, Mr. Willoughby is still required to attend in person, in his individual capacity. **A failure to attend may result in a recommendation to Judge Koeltl that he enter a default judgment against one or both Defendants.** At this time Defendants application for an interim stay is **DENIED WITHOUT PREJUDICE**. The application for a stay may be renewed by Defendant(s) at the December 17 conference upon a showing of good faith efforts to retain new counsel in the intervening time.

## III.     CONCLUSION

For the foregoing reasons, Mr. Singer's application to withdraw as counsel of record for Defendants is **GRANTED**. All other relief requested in ECF Nos. 119, 125, 140, and 141, with the exception of an interim stay, is **DENIED**. The application for an interim stay is **DENIED WITHOUT PREJUDICE**.

4

**Mr. Singer is directed to serve a copy of this Order on Mr. Willoughby at his last known address and file proof of such service on the docket no later than December 8, 2025.**

The Clerk of Court is respectfully directed to close ECF Nos. 140 and 141, then terminate Daniel Singer as attorney of record for Defendants.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: December 4, 2025                    **Ona T. Wang**
New York, New York                         United States Magistrate Judge

5