**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

TACTICAL INFRASTRUCTURE S.A.

                           Plaintiff,

              -against-

APEX ENERGY ALTERNATIVE RESOURCES, INC.,
et al.

                     Defendants.

-------------------------------------------------------------x

:
:
:
:
:
:
:
:
:
:
:
:
:

24-cv-2307 (JGK) (OTW)

**ORDER**

        **ONA T. WANG, United States Magistrate Judge:**

        The Court has reviewed *pro se* Defendant Robert Willoughby's letter concerning his failure to appear at the December 17, 2025, status conference.  The Court warned Defendants twice before this status conference that a non-appearance may result in a recommendation to Judge Koeltl that he strike the non-appearing Defendant's answer and enter a judgment of default. (*See* ECF Nos. 147, 144).

        Nevertheless, in light of the special solicitude which this Court must extend to *pro se* parties, the Court will permit Defendants <u>one final chance</u> to amend their conduct and participate in this litigation in good faith. Defendants are warned that "solicitude for *pro se* litigants does not require us to excuse failure to comply with understandable procedural rules and mandatory deadlines." *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) (holding that *pro se* litigants must comply with procedural rules).

Accordingly, by **December 30, 2025,** the parties are **ORDERED** to meet and confer and file a written submission on the docket proposing three dates for an in-person status conference in January, proposing a schedule to conclude all remaining discovery.

Defendant Willoughby is further directed to identify in his written submission what steps, if any, he has taken to date to secure counsel for Entity Defendant Apex Alternative Resources, Inc.[1]

**Defendants are warned that a failure to meet and confer in good faith, a failure to submit a written response by the deadline, or a failure to appear at a future status conference will be a direct violation of a Court Order and <u>shall</u> result in a recommendation to strike Defendants' answers as well as monetary and other sanctions under Fed. R. Civ. P. 16 and/or 37.**

Plaintiff is directed to serve a copy of this Order and a copy of the December 17,2025 status conference transcript on Defendant by December 23, 2025, then file proof of such service on the docket. As discussed at the conference, service may be made by email.

**SO ORDERED.**

*/s/ Ona T. Wang*

Dated: December 19, 2025             **Ona T. Wang**
New York, New York                   United States Magistrate Judge

---

[1] As the Court has warned Defendants previously, an entity may not appear *pro se* and must be represented by counsel. (ECF 144).

2