**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
TACTICAL INFRASTRUCTURE S.A.                                 :
:
Plaintiff,                     :          24-cv-2307 (JGK) (OTW)
:
-against-                        :          **ORDER ON RECONSIDERATION**
:
APEX ENERGY ALTERNATIVE RESOURCES, INC., :
et al.                                                       :
:
Defendants.                    :
:
-------------------------------------------------------------x

       **ONA T. WANG, United States Magistrate Judge:**

       On January 23, 2026, I issued a Report and Recommendation which recommended that self-represented Defendant Robert Willoughby's ("Willoughby") Answer should be stricken, and that he should be found in default because he has "violated multiple court orders both by failing to attend a status conference and failing to meet and confer with Plaintiff as directed [by ECF 149]." (*See* R&R, ECF 158 at 5).

       On February 2, 2026, Willoughby filed ECF Nos. 161 and 162 which I have construed to be a motion for reconsideration. Willoughby also filed what appears to be, *inter alia*, a screen shot of an email intended as a letter to the Court. (ECF 167). In this "letter," Willoughby proffers two reasons for reconsideration: first, that he has "diligently" sought to retain counsel for himself and/or for Apex, and second, that he was unable to meet and confer with Plaintiff to file the joint letter as directed by ECF 149 because of a "serious illness." (*Id.*)

In light of those filings, I directed Willoughby to file supplemental briefing (under seal, if necessary) which was to include:

- "any documentation of the 'grave illness' that he reports rendered him unable to timely respond to Plaintiff's proposed joint letter... for example, doctors' records and/or records of visits to medical providers[;]" and
- "a sworn statement that sets forth the dates on which he took action to seek representation for himself and what action was taken[,]" which should also "identify the law firms and lawyers he contacted, and whether any of those lawyers or firms are still considering representation."

(*Id.*)

Willoughby filed supplemental briefing at ECF Nos. 174 and 175, which appear to be identical, and ECF 176, which appears to be a redacted version of ECF Nos. 174 and/or 175.

## I.   DISCUSSION

"A motion for reconsideration should be granted only if the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Government Emps. Ins. Co. v. Datta*, No. 22-CV-10531 (OTW), 2025 WL 1952077, at *1 (S.D.N.Y. July 16, 2025) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

### A.  Efforts to Obtain Counsel

In his supplemental briefing, Willoughby asserts that he has "actively [and] diligently" attempted to retain replacement counsel for himself. (ECF 174). He makes no mention of Apex but even construing his attempts to secure counsel as attempts on behalf of Apex as well, he has not provided sufficient evidence to support his claim of diligent effort. His proffered support consists of what appears to be a screenshot of an email inbox without explanation or context, a list of seven attorneys — again without any context, and a paragraph listing four

other law firms along with what appear to be notes on "what they do well/ strengths." [sic] (*See* ECF 174-1).

Willoughby alleges only that he made "contacts" with attorneys on "January 28, January 30, February 2, February 4, February 6, February 9, February 12, February 14, February 18, February 21, February 24, and February 26, 2026." (ECF 174 at 3). He does not identify the specific actions he took on these dates nor does he represent that he spoke with anyone at those offices other than "legal assistants, intake coordinators, or junior attorneys, whose names were not always recorded."[1] (*Id.*) Moreover, Willoughby does not allege he spoke to *anyone* at a law office, attorney or otherwise, between October 15, 2025, the second time his prior counsel moved to withdraw, (ECF 119) and January 28, 2026. Willoughby's submission did not comply with ECF 169 (or ECF 149 before that) to provide sufficient documentation of his efforts to secure representation.

### B. Medical Illness

Willoughby also claims he could not meet and confer with Plaintiff as directed in December 2025, because of a "severe illness," which he experienced "most acutely" during January and February 2026. He claims that this illness left him "bedridden for extended periods, often lasting consecutive days, during which I was unable to engage in sustained work activity, attend meetings, or prepare legal filings." (ECF 174).

Willoughby does not include any medical records, financial records, or any other documentation of any illness beyond his own conclusory statements, nor do his assertions, even taken as true, show why he could not correspond, confer, or even call Plaintiff's counsel

---

[1] Indeed, Willoughby has not recorded *any* of the names people with whom he allegedly spoke.

back in December 2025. Willoughby's submission did not comply with ECF 169 to sufficiently support his alleged illness with documentary evidence.

## II.    CONCLUSION

For the foregoing reasons, I find that Willoughby has presented no new facts or intervening law to support reconsideration of the Report & Recommendation at ECF 158. Nonetheless, the Court will extend Willoughby one last opportunity to defend this case on its merits by **STAYING** the Report & Recommendation for 60 days (until June 30, 2026).

The parties are directed to appear for an in-person status conference on **Tuesday, June 30, 2026 at 10:00 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007. Defendants are warned that a failure to appear at this conference may result in a vacatur of the stay of ECF 158 and may result in monetary and other sanctions under Fed. R. Civ. P. 16 and/or 37, and/or a finding of default for any non-appearing party.**

Plaintiff is directed to serve a copy of this Order on Reconsideration on *pro se* Defendant Willoughby by any means that provides actual notice to Willoughby. Personal service (*i.e.* in-person) is not required. Plaintiff is directed to file proof of such service by **May 8, 2026.**

Plaintiff is further directed to file a proposed agenda by **June 26, 2026**, and indicate whether that proposed agenda is jointly proposed or not.

The Clerk of Court is respectfully directed to close ECF Nos. 161 and 162.

**SO ORDERED.**

_/s/  Ona T. Wang_

Dated: May 1, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge